68 F.3d 480
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
COMMERCE LIFE ASSURANCE COMPANY, Plaintiff-Appellant,
v.
RESOLUTION TRUST CORPORATION, Defendant-Appellee.
 No. 94-15386.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 14, 1995.*
Decided Oct. 16, 1995.
 
 1
 Before: D.W. NELSON, T.G. NELSON, Circuit Judges, and SAMUEL P. KING,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 The district court's ruling that appellant Commerce Life Assurance Company sustained no damage from the bank's conduct was correct. The check was payable to Commerce, was sent to Commerce's lawyer, who then sent it to James Marlar, Commerce's Secretary-Treasurer. If Commerce sustained any loss, it was as a result of Marlar's actions, not the bank's. As the district court explained, payment to an authorized agent constitutes payment to the principal, and discharges the debt, whether or not the agent turns the money over to the principal. Seely v. Hagen, 508 P.2d 343, 344 (Az. Ct. App. 1973).
 
 
 4
 The apparent authority of Marlar was clear and there is no question of fact concerning the reasonableness of the bank's reliance. James Marlar was the Secretary-Treasurer of Commerce, and had authority to request the funds. The fact that he did not have authority to pocket the money is beside the point. Cf. Gibraltar Escrow Co. v. Thomas J. Grosso Inv., Inc., 421 P.2d 923, 928 (Az. Ct. App. 1966). In order to avoid being held responsible for Marlar's conduct, Commerce must show that the bank's reliance on Marlar's apparent authority was unreasonable. It has not done so. Arguments that Ms. Dominguez' reading of the E-101 form was unreasonable do not address the question of the reasonableness of the bank's reliance on Marlar's apparent authority.
 
 
 5
 Commerce's other contentions here, under A.R.S. Sec. 47-3406, and comparative negligence, were not raised in the district court and will not be considered for the first time on appeal. See Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir. 1992). In any event, the negligence of the bank does not impact the dispositive issue, which is the authority of Marlar, as pointed out above.
 
 
 6
 AFFIRMED. Costs and attorneys fees are awarded to Appellee Resolution Trust Corporation, under A.R.S. Sec. 12-341.01.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34 (a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3